## GRAMLICH'S APPEAL.

Where a guardian receives his ward into his family, and treats him as one of the family, and the ward renders assistance to the family, he cannot be charged with board.

Appeal from the Orphans' Court of Philadelphia County. No. 69 January Term, 1880.

The adjudication was as follows, per

HANNA, P. J.:

It appeared that the accountant was appointed guardian on February 28, 1874, upon the petition of the mother of the minor, he then being under fourteen years of age. Accountant neglected to file a triennial account. Whereupon on Oct. 6, 1877, he was cited to file the same, and neglecting to comply therewith, on October 27, 1877, he was peremptorily ordered by the Court to file his account on or before November 10, 1877. On November 1, 1877, the account was filed. Subsequently, on January 12, 1878, the minor having reached fourteen years of age, selected a new guardian, and chose

Christian Gross, who was approved by the Court on the date named, and on January 4, 1879, the annexed account was filed in the Register's office. Upon proceeding to examine the annexed account no objection was made to any of the items therein, except as to the charge made by accountant for boarding and washing furnished to the minor from May 6, 1876, to August 20, 1877, a period of sixty-seven weeks, at four dollars per week ($268.00). The allowance of this credit claimed was objected to on behalf of the minor by his present guardian. From the testimony submitted it appeared that the accountant and his wife were friends and acquaintances of the minor's mother, who was a widow. That at the time of her death, on May 1, 1876, she, with her son, lived with her brother-in-law, John Becker, in this city. She had previously petitioned the Court to appoint the accountant as guardian of her son, and afterwards during her last illness requested him to take charge of her orphan boy and do the best he could with him. On May 6, 1876, two days after the interment of the minor's mother, Frederick Gramlich, the guardian, called at the residence of John Becker, the minor's uncle, with whom he was still living, and stated that as the boy was not able to pay board, and he was his guardian, that he would take him home and take charge of him. The boy consented to go with his guardian, and remained with him until August 20, 1877. During this time he was cared for as a member of his guardian's family, eat his meals with them, occupied the same bedroom with his guardian's son, was sent to school regularly, but at times was kept therefrom whenever his services were needed by his guardian. It appeared that accountant was a stone mason and contractor. He employed laborers under him and was desirous of making his ward industrious and useful. At times he required him to assist him in his business, and when the minor was at home from school accountant's wife and daughter would call upon him to assist them in the household work, such as bringing up coal, going upon errands to the store and market, and accountant would also make use of his ward in various ways, such as taking his horse to the stable, washing harness, cleaning the pavement, going upon errands, etc.

While all this was commendable in the guardian, in endeavoring to rear his ward to habits of industry and usefulness, yet it does not seem consistent with the charge made against his ward to recover, for entertainment, lodging, washing and mending at the rate of $4.00 per week. There was no charge for boarding, etc., made upon any books of the guardian, no notice given to the ward that he would be required to pay board, or to any of his relations, and the declaration of the guardian when he took his ward from the uncle's house to his own house; his subsequent conduct in treating and employing the ward as he would his own son in domestic duties and tasks, all these circumstances lead to the conclusion that the accountant never originally intended to make any charge against his ward for lodging, boarding, etc., and that the same was an afterthought when his guardianship was ended by the minor's election of another guardian. Again it is to be noted that the accountant neglected to obtain any order of the Court either for an allowance out of the minor's estate, or to be authorized to expend any portion of the principal for his support and education.

For the reasons stated the Auditing Judge is of the opinion that the credit claimed by accountant for boarding, &c., furnished his ward should be disallowed.

------

Frederick Gramlich, the accountant, then appealed to the Supreme Court, complaining of the disallowance of his claim for $268 for boarding his ward, Conrad Peters.

*Benjamin Daniels, Esq.*, for appellant, cited: Strawbridge's Appeal, 5 Wharton, 568; Pettit's Appeal, 39 Pa., 326; Seitz's Appeal, 87 Pa., 162; Sharpe's Estate, 2 Phila., 280; Pennock's Estate, 11 Phila., 75; Potts' Case, 1 Ashmead, 340.

The Supreme Court affirmed the decree of the Orphans' Court on January 24th, 1881, in the following opinion,

PER CURIAM:

This decree is affirmed for the reasons given in the adjudication of the learned Auditing Judge in the Court below.

Decree affirmed and appeal dismissed at the costs of the appellant.